UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA KEITH BOYER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:17-CV-914-N (BT) |
| | § | |
| JOSE SANTANA, et al., | § | |
| | § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this *pro* se prisoner civil rights action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b). Before the Court are (1) Plaintiff's request for declaratory, injunctive, or mandamus relief and (2) Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint. For the following reasons, the Court should GRANT Defendants' Motion to Dismiss (ECF No. 72) and DENY Plaintiff's request for declaratory, injunctive, or mandamus relief (ECF No. 68).

### **Background**

Plaintiff Joshua Keith Boyer is serving a 288-month sentence for federal drug and firearm-related offenses. According to his Third Amended Complaint, which is the live pleading in this action, Plaintiff has been in federal custody since February 8, 2001. Third Am. Compl. (ECF No. 67) at 3, § VI.1. At the time he filed his most recent Complaint, Plaintiff was incarcerated at a federal prison camp in

1

Talladega, Alabama. *Id.* at 1, § I. He has since been transferred to a residential re-entry center located in Tampa, Florida. *See* Notice (ECF No. 74).

By this lawsuit, Plaintiff complains that Defendants Jose Santana, the Federal Bureau of Prisons ("BOP"), and the United States Marshals Service ("USMS"), as well as unnamed employees of the BOP and the USMS, have violated his rights under the Fifth and Eight Amendments to the United States Constitution, by improperly classifying him as a flight risk based on erroneous information in his USMS/BOP file regarding his involvement in an alleged escape plan. *See* Third Am. Compl. at 3, §§ V, VI. More specifically, Plaintiff alleges that Defendant Santana, an administrator at the BOP's Designation and Sentence Computation Center, located in Grand Prairie, Texas, applied a "Greater Security Management Variable (MGTV)" to Plaintiff's custody classification score based on the erroneous information contained in his file and denied Plaintiff a transfer to a low-security facility. *See id.* § V; *see also id.* at 6, § VI.28. Plaintiff further alleges that, as a result of the erroneous information contained in his file, he was kept in segregation during his pre-trial detention and has been subjected to increased security measures during his term of imprisonment, such as being required to wear a "black box" escape prevention device during transport and being housed in administrative segregation or with violent offenders. Plaintiff also alleges that the BOP and the USMS have a "policy, practice, or custom" of relying on false information to determine the conditions of his confinement. *See id.* § V.

Based on Defendants' alleged conduct, Plaintiff asserts claims against Santana, the BOP, and the USMS for violations of his Fifth and Eighth Amendment Rights. *Id.* at 9-10, §§ 48-62. Plaintiff seeks a declaratory judgment that the information in his USMS/BOP file regarding the escape plan is false and a writ of mandamus or injunction ordering that such information be stricken from his file and not used by the USMS, the BOP, or any other law enforcement agency for any purpose. *Id.* at 10. Plaintiff also seeks nominal, compensatory, and punitive damages from each Defendant, jointly and severally. In addition to his Third Amended Complaint, Plaintiff has filed a separate Request for Declaratory, Injunctive, or Mandamus Relief, seeking the same relief based on the same conduct alleged in his Complaint. *See generally*, Pl.'s Req. for Inj. Relief (ECF No. 68).

Defendants have filed a Motion to Dismiss Plaintiff's Third Amended Complaint for lack of subject matter pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that, to the extent Plaintiff's Third Amended Complaint asserts claims under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671-80, or the Administrative Procedures Act ("APA"), the Court lacks subject matter jurisdiction over such claims. Defendants also argue that Plaintiff's claims against Defendant Santana are barred by the doctrine of qualified immunity and must be dismissed for failure to state a viable claim for

relief. Defendants further argue that Plaintiff has failed to state a claim for relief against the BOP or the USMS.

In response to Defendants' Motion, Plaintiff filed a Motion for Immediate Leave to Conduct Discovery (ECF No. 73), seeking information Plaintiff asserted was necessary to overcome Defendant Santana's qualified immunity defense. Plaintiff's discovery motion has been denied. Plaintiff never filed a written response to Defendants' Motion, and the time for doing so has long since expired. Accordingly, the Court considers the Motion to Dismiss without the benefit of a response.

## Defendants' Motion

## Legal Standards and Analysis

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* Therefore, the Court first considers Defendants' Rule 12(b)(1) arguments.

## Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction; without jurisdiction

conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual," and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

  Here, Defendants' Motion makes a facial attack on the Court's subject matter jurisdiction. Defendants did not submit evidence in support of their assertion that the Court lacks subject matter jurisdiction over Plaintiff's claim, and Defendants argue that Plaintiff's jurisdictional claim fails on legal, not factual, grounds. Thus, all of Plaintiff's factual allegations will be accepted as true for the purpose of determining whether the Court has jurisdiction over his claims.

5

Defendants argue that the Court lacks subject matter jurisdiction because (1) to the extent Plaintiff's claims arise under the FTCA, Plaintiff has failed to name a proper defendant and has failed to allege exhaustion of administrative remedies; (2) to the extent Plaintiff's claims arise under the APA, Plaintiff has failed to identify the legal basis what would provide jurisdiction for judicial review of any decision by the BOP or the USMS regarding Plaintiff's custody classification status; and (3) to the extent Plaintiff attempts to assert *Bivens* claims against the BOP, the USMS, or Defendant Santana, in his official capacity, the court lacks jurisdiction to adjudicate those claims.

### Rule 12(b)(6)

Under Fed. R. Civ. P. 8(a), Plaintiff's Third Amended Complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, Plaintiff's Complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The Court must accept all of Plaintiff's factual allegations as true, but it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 555. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has

6

stopped short of showing that Plaintiff is plausibly entitled to relief. *Iqbal*, 556 U.S. at 678.

### Claims under the FTCA

Plaintiff alleges that Defendants' conduct in assigning his custody classification based on erroneous information contained in his USMS/BOP file caused him "to suffer severe emotional, psychological, and physical harm," for which he is entitled to recover compensatory and punitive damages. *See* Third Am. Compl. at 8, ¶ 46. The Court may construe this allegation as a personal injury claim against Defendants, which arises under the FTCA. Defendants argue that, to the extent Plaintiff's Third Amended Complaint is construed to allege claims arising under the FTCA, such claims must be dismissed for lack of subject matter jurisdiction.

By enacting the FTCA, Congress waived the United States' sovereign immunity for claims arising from torts committed by federal employees. 28 U.S.C. §§ 1346(b)(1), 2671–2680; *Ali v. Fed. Bureau of Prisons,* 552 U.S. 214, 217–18 (2008). To successfully sue under the FTCA, a plaintiff must bring a claim: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in

7

accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer,* 510 U.S. 471, 477–78 (1994).

To the extent Plaintiff brings his claims under the FTCA, neither the BOP and the USMS, nor Defendant Santana in his individual capacity, are proper defendants. The FTCA does not authorize claims against an agency or a government employee in his or her individual capacity. *See* 28 U.S.C. § 2679(a*); Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees. *Galvin,* 860 F.2d at 183. An FTCA claim against a federal agency or employee in his individual capacity, as opposed to the United States itself, must be dismissed for want of jurisdiction. *Id.*; *see also Toledo v. Bureau of Prisons*, 238 F. App'x 10, 11 (5th Cir. 2007) (affirming dismissal of plaintiffs' claims against BOP under the FTCA, because the only proper defendant under the FTCA is the United States).

Even if the United States were substituted as defendant on Plaintiff's FTCA claim, the Court would still lack jurisdiction to hear the claim because Plaintiff has not alleged that he exhausted his administrative remedies. The FTCA bars a claimant from bringing suit in federal court unless he filed an administrative claim with the appropriate federal agency and either obtained a written denial or waited six months. *See* 28 U.S.C. § 2675(a). In *McNeil v. United States*, 508 U.S. 106, 112 (1993), the Supreme Court held that failure to completely exhaust

administrative remedies prior to filing a claim under the FTCA is a jurisdictional defect that cannot be cured by administrative exhaustion after suit is filed. Subsequent to *McNeil*, the Fifth Circuit reaffirmed that exhaustion of administrative remedies is jurisdictional where the United States is a defendant, and that the requirement cannot be waived. *Price v. United States*, 69 F.3d 46, 54 (1995). *Lineberry v. Fed. Bureau of Prisons*, 2007 WL 2481603, at *2 (N.D. Tex. Sept. 4, 2007) (Godbey, J.) (dismissing FTCA claims for lack of subject matter jurisdiction where plaintiff failed to properly allege exhaustion of administrative remedies with BOP).

Because Plaintiff failed to name the United States as a defendant and failed to allege exhaustion of administrative remedies, the District Court should GRANT Defendants' Motion with respect to any FTCA claims alleged by Plaintiff and DISMISS such claims without prejudice for lack of subject matter jurisdiction.

### Claims under the APA

Plaintiff alleges that "Defendant Santana denied Plaintiff's lesser security transfer by applying a Greater Security Management Variable (MGTV) to his custody classification score for arbitrary and capricious reasons." *See* Third Am. Compl. at 3. The Court may construe this allegation as a request for judicial review of the BOP's decisions regarding Plaintiff's custody designation, which arises under the APA. Defendants argue that, to the extent Plaintiff's Third

9

Amended Complaint is construed to allege claims arising under the APA, such claims must be dismissed for lack of subject matter jurisdiction.

The APA provides that a person suffering a legal wrong because of an agency's action is entitled to judicial review, unless otherwise precluded by statute. 18 U.S.C. §§ 701, 702. The BOP is authorized to designate the facility where a prisoner will be confined. 18 U.S.C. § 3621(b). Pursuant to 18 U.S.C. § 3625, the BOP's decision regarding a prisoner's custody designation is not reviewable under the APA. *See, e.g., Jones v. Bureau of Prisons*, 2007 WL 965746 at *3 (E.D. Tex. March 27, 2007) (citing *Fristoe v. Thompson*, 144 F.3d 627, 630-31 (10th Cir. 1998)). Therefore, the Court lacks jurisdiction to review Defendants' decisions regarding Plaintiff's custody classification status. *See Shah v. Samuels*, 121 F.Supp.3d 843, 847 (E.D. Ark. 2015) (dismissing for lack of subject matter jurisdiction claim for judicial review of BOP's decision to classify plaintiff as a "minimum" security inmate, including the application of the MGTV); *Aldaco v. Holder*, 2011 WL 825624, at *11 (D. Minn. Jan. 7, 2011), *rec. adopted*, 2011 WL 839388 (D. Minn. Mar. 7, 2011) (same as to claim for judicial review of BOP's decision regarding plaintiff's custody classification and decision to apply greater security MGTV to his security classification); *Jones*, 2007 WL 965746, at *3 (declining to review the BOP's decisions to reclassify plaintiff, add a greater security MGTV, and transfer him to another prison facility). Accordingly, the District Court should GRANT Defendants' Motion with respect to any claims for judicial review of Defendants' decisions pertaining to Plaintiff's custody

classification and DISMISS such claims without prejudice for lack of subject matter jurisdiction.

### *Bivens* Claims

Plaintiff alleges that Defendants violated his constitutional rights under the Fifth and Eighth Amendments to the United States Constitution by relying on erroneous information in his USMS/BOP file to make decisions pertaining to his custody classification and the conditions of his confinement. The Court may construe this allegation as a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Defendants argue Plaintiff's *Bivens* claim must be dismissed for failure to state a claim for relief.

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens* is "the counterpart to 42 U.S.C. § 1983," and it extends the protections afforded under § 1983 to parties injured by federal actors. *See Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"). Unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States, however, a plaintiff has no viable claim under *Bivens.*

To the extent that Plaintiff seeks to assert a *Bivens* claim against the BOP and/or the USMS, *Bivens* only provides a remedy for victims of constitutional

11

violations by government officers in their individual capacities. It does not provide for a cause of action against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Moore v. United States Dep't of Agriculture*, 55 F.3d 991, 995 (5th Cir. 1995). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *Meyer*, 510 U.S. at 485; *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Because a *Bivens* action cannot be brought against a federal agency, Plaintiff has not alleged any viable *Bivens* claim against the BOP or the USMS.

Similarly, Plaintiff has failed to allege a viable *Bivens* claim against Defendant Santana in his official capacity. Claims for monetary damages against federal employees in an official capacity based upon allegations of constitutional violations are barred because they are considered as the actions of the federal agency by whom they are employed. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The District Court should GRANT Defendants' Motion with respect to any *Bivens* claims against the BOP, the USMS, or Defendant Santana in his official capacity and DISMISS such claims without prejudice for lack of subject matter jurisdiction. *See Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (affirming dismissal of *Bivens* claims against the BOP and BOP officers in their official capacities); *Borgos v. Laperton*, 2017 WL 2912739, at *2 (N.D. Tex. June 10, 2017), *rec. adopted*, 2017 WL 2902679 (N.D. Tex. July 7, 2017) (Godbey, J.) (same).

Plaintiff's allegation that Defendant Santana violated Plaintiff's Fifth and Eighth Amendment rights by relying on erroneous information to determine Plaintiff's custody classification and deny him a transfer to a low-security facility may be construed to assert a *Bivens* claim against Defendant Santana in his individual capacity. However, prison officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority, unless their conduct violates a "clearly established statutory or constitutional right of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800. 818 (1982). Federal prisoners, such as Plaintiff, do not have a constitutionally-protected interest in their custodial classification, even where the prisoner alleges that the classification is in error. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *see also Wilson v. Budney,* 976 F.2d 957, 958 (5th Cir.1992) (a prisoner has no inherent constitutional right to any particular classification or custody level); *Gonzalez v. Doe*, 2009 WL 1704248 at *1 (N.D. Tex. June 15, 2009) (observing that it is "well-settled law that an inmate has no protected liberty interest in his classification level or his assigned facility"). Plaintiff's allegation that Defendant Santana erroneously classified him as an escape risk is insufficient to allege a violation of a clearly-established constitutional right. Because Plaintiff has failed to allege a violation of a clearly-established constitutional right, Defendant Santana is entitled to qualified immunity regarding Plaintiff's Fifth and Eighth Amendment claims. The District

13

Court should GRANT Defendants' Motion with respect to these claim and DISMISS such claims without prejudice under Fed. R. Civ. P. 12(b)(6).

### Plaintiff's Request for Relief

Plaintiff's Request for Declaratory, Injunctive, or Mandamus Relief merely reiterates the allegations set forth in his Third Amended Complaint, with the additional statement that "some form of declaratory, injunctive or mandamus relief is urgently needed." For the reasons set forth above, the Court lacks jurisdiction over most of Plaintiff's claims. To the extent the Court has jurisdiction over any of Plaintiff's claims, Plaintiff cannot meet the legal standard to show his entitlement to preliminary injunctive relief.

To be entitled to injunctive relief, Plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-20 (5th Cir. 2001) (citing *Hoover. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)). Plaintiff must prove all four elements, and the failure to prove any one of them results in the denial of the request for injunctive relief. *Enterprise Intern., Inc. v. Corporation Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (citing *Applebarrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984)). In this case, Plaintiff has not shown that he is likely to succeed on the

14

merits of his claims. Therefore, the District Court should DENY Plaintiff's request for declaratory, injunctive, or mandamus relief.

## RECOMMENDATION

For the reasons stated above, the District Court should DENY Plaintiff's Request for Declaratory, Injunctive, or Mandamus Relief (ECF No. 68) and GRANT Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (ECF No. 72). The District Court should DISMISS without prejudice all of Plaintiff's claims against Defendants.

**SO RECOMMENDED.**

March 14, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).